UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANGELICA GARZA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:20-CV-1524-B |
| § | |
| ALTAIRE PHARMACEUTICALS, § | |
| INC. and AMAZON.COM SERVICES, § | |
| INC., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Altaire Pharmaceuticals, Inc. ("Altaire")'s Amended Motion to Set Aside Entry of Default (Doc. 12) and Plaintiff Angelica Garza's Motion for Default Judgment (Doc. 5). Because the Court concludes that Altaire was not properly served, the Court **GRANTS** Altaire's motion (Doc. 12), **SETS ASIDE** the Clerk's entry of default (Doc. 4), and **DENIES** Garza's motion for default judgment (Doc. 5). Further, the Court **ORDERS** Garza to properly serve Altaire within twenty-one days of the date of this Order.

### I.
### BACKGROUND

This products-liability case, which was removed from state court, arises from Plaintiff Angelica Garza's purchase of eye ointment from Defendant Amazon.com Services, Inc. ("Amazon")'s website. *See* Doc. 1-3, Pet., ¶ 8. Garza alleges that her use of the ointment, a product manufactured by Altaire, caused her "eye infections, blurry vision, blindness, and other eye problems . . . ." *Id.* ¶ 9. Based upon these injuries, Garza brings claims against Amazon and Altaire for: (1) negligence;

(2) breach of warranty and the Texas Deceptive Trade Practices Act; and (3) products liability. *Id.* ¶¶ 11–18.[1]

Garza filed her state-court petition on April 30, 2020. *See generally id.* Amazon filed an answer (Doc. 1-5) in state court; Altaire, however, did not. After Amazon removed the case to federal court and Altaire still did not file an answer, Garza sought an entry of default against Altaire. *See generally* Doc. 3, Pl.'s Request. In support of her request, Garza explained that Altaire "was served with process through the Texas Secretary of State as its agent for service of process . . . ." *Id.* at 2. Further, Garza attached a letter from the Texas Secretary of State indicating that copies of Garza's petition and citation were mailed to Altaire and "returned to [the office of the Texas Secretary of State] on June 3, 2020, Bearing Notation Return to Sender, Attempted Not Known, Unable to Forward." Doc. 3-1, Letter, 1. After the Clerk's Office entered default against Altaire, Doc. 4, Clerk's Entry of Default, Garza moved for default judgment on her claims against Altaire. *See generally* Doc. 5, Mot. for Default J.

That same day, Altaire filed an answer (Doc. 8) to Garza's complaint and a motion to set aside the entry of default (Doc. 9), which Altaire amended two days later. *See* Doc. 12, Am. Mot., 1. Garza filed a response in opposition (Doc. 21), and Altaire filed a reply brief (Doc. 24). Accordingly, Altaire's motion is now ripe for review.

---

[1] From Garza's petition, the Court cannot discern whether Garza intends to name Altaire in count (2), which refers only to a single "Defendant." *See id.* ¶¶ 14–16. To resolve the motions at hand, however, the Court need not determine Garza's intention.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). Good cause "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). Thus, the "good cause" standard is liberally construed. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003).

To determine whether a defendant has shown good cause under Rule 55(c), a court should consider the following factors: (1) whether the default was willful; (2) whether the plaintiff would be prejudiced; and (3) whether the defendant presents a meritorious defense. *Dierschke*, 975 F.2d at 184. The court need not consider all of these factors. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992). Ultimately, "[t]he decision to set aside a default decree lies within the sound discretion of the district court." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

Nonetheless, if the district court lacks personal jurisdiction over the defendant due to improper service of process, the court "must set aside the clerk of court's entry of default as a matter of law." *Titan Glob. Holdings, Inc. v. Evan*, 2008 WL 11435706, at *4 (N.D. Tex. Oct. 30, 2008). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). Typically, a plaintiff may satisfy this burden by "producing the process server's return of service, which is generally accepted as *prima facie* evidence of the manner in which service was

effected." *Nabulsi v. Nahyan*, 2009 WL 1658017, at *4 (S.D. Tex. June 12, 2009) (citation omitted), *aff'd*, 383 F. App'x 380 (5th Cir. 2010) (per curiam).

The Court favors resolving actions on the merits and therefore will resolve any doubts in favor of the defendants. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (citation omitted) (observing that "federal courts should not be agnostic with respect to the entry of default judgments which are 'generally disfavored in the law'"); *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960) (citation omitted) ("[W]here there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.").

## III.

## ANALYSIS

In its motion, Altaire asserts that it was not properly served. Doc. 13, Def.'s Br., 2. Additionally, Altaire contends that the Court has good cause to set aside the entry of default. *Id.* at 3. Garza, on the other hand, argues that Altaire was properly served and has not shown good cause for setting aside the entry of default. Doc. 21, Pl.'s Resp., 2–3.

As explained below, the Court concludes that Altaire was not properly served and thus sets aside the entry of default.[2] Consequently, the Court denies Garza's motion for default judgment and orders Garza to properly serve Altaire within twenty-one days of the date of this Order.

A. *Whether the Court Must Set Aside the Entry of Default Based on Insufficient Service*

The Court first addresses whether Garza properly served Altaire. Federal Rules of Civil

---

[2] Because the Court finds that Altaire was not properly served, the Court need not address the parties' arguments pertaining to good cause.

Procedure 4(e)(1) and 4(h)(1)(A) permit parties in federal court to serve a defendant, including a business association, in accordance with state law. Under Texas law:

> The [Texas] secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

Tex. Civ. Prac. & Rem. Code § 17.044(b). Under these circumstances, once the Secretary of State is served by a plaintiff, it must send "[t]he process or notice [to the defendant] by registered mail or by certified mail, return receipt requested." Tex. Civ. Prac. & Rem. Code § 17.045(d).

Garza contends that she properly served Altaire by serving the Secretary of State, who thereafter sent process to Altaire "using the address on file with the New York State Department of State." Doc. 21, Pl.'s Resp., 1–2 (citing §§ 17.044(b), 17.045). Altaire, however, states that it "has not been at that address since 1999[.]" Doc. 13, Def.'s Br., 2 (citing Doc. 13-1, Aff.). Consequently, Garza's petition and citation "were returned . . . as unserved and unable to forward . . . ." *Id.* (citing Doc. 13-2, Service of Process Search; Doc. 3-1, Letter). Given that the petition and citation never reached Altaire, Altaire contends it was not properly served. *Id.*

The Court agrees with Altaire. Courts applying Texas law routinely find that where a plaintiff provides an incorrect address to the Secretary of State, service is not proper under §§ 17.044(b) and 17.045. *See, e.g., GMR Gymnastics Sales, Inc. v. Walz*, 117 S.W.3d 57, 59–60 & n.1 (Tex. App.—Fort Worth 2003, pet. denied) (concluding that the plaintiff failed to show proper service where it provided the Secretary of State with an incorrect address for the defendant); *Ward v. Hooper*, 2002 WL 15881, at *3 (Tex. App.—Dallas Jan. 8, 2002, no pet.) (not designated for publication) (holding that based on the return of service's "Unable to Forward" notation, the defendant did not receive

notice and the plaintiff failed to comply with § 17.045); *Kruger v. Hartsfield*, 2018 WL 2090743, at *3 (N.D. Tex. Apr. 13, 2018) ("When the certificate [of service] shows that the citation was returned because the 'forwarding order expired' or [because of] an 'unknown address,' service has been found to be insufficient such that the court lacks personal jurisdiction over the defendant." (citations omitted)), *adopted by* 2018 WL 2088388 (N.D. Tex. May 4, 2018).³

Further, Garza has not pointed to any Texas law deeming service via the Secretary of State proper—irrespective of whether the petition and citation reach the defendant—when the defendant has failed to update its address. *See* Doc. 21, Pl.'s Resp., 2 (citation omitted) (pointing out that "*New York* courts have rejected . . . the argument that service was not proper because a defendant failed to update its address within the Secretary of State" (emphasis added)).

Though the Texas Supreme Court addressed a defendant's negligence in failing to update its address for service in *Campus Investments, Inc. v. Cullever*, this per curiam opinion is distinguishable. *See* 144 S.W.3d 464 (Tex. 2004) (per curiam).

In *Cullever*, the Texas Supreme Court affirmed a default judgment against a defendant, despite that the certificate of service for the defendant contained the notation "Attempted–Not Known." *Id.* at 465–66. The court acknowledged that "service of a *defective* citation through substituted service on the Secretary of State could mislead a defendant and lead to an improper

---

³ *See also*, *e.g.*, *Cap. Credit Inc. v. Mainspring Am., Inc.*, 2020 WL 104465, at *4 (W.D. Tex. Jan. 9, 2020) (concluding the defendant was not properly served when "the address provided to the Secretary of State was incorrect" (citations omitted)), *adopted by* Order on R. & R., *Cap. Credit Inc. v. Mainspring Am., Inc.*, No. 1:19-cv-797-LY (W.D. Tex. Feb. 7, 2020), ECF No. 24; *Ratcliff v. Indymac Bank, F.S.B.*, 2005 WL 2304992, at *1 (E.D. Tex. Sept. 20, 2005) ("[T]he certificate [of service] is proof that [the defendant] was not properly served with process because it bears an incorrect address and indicates that process never reached [the defendant] or any of its agents.").

default judgment." *Id.* at 466 (emphasis in original). But the court reasoned that the defendant in *Cullever* "was not misled . . . as it had failed to update addresses" and did not "receive[] anything the Secretary sent." *Id.* Due to the defendant's failure to update its addresses, the court explained, the defendant "was negligent" and thus was not entitled to relief from the default judgment. *Id.* (citations omitted). In so holding, the court cited to Texas law requiring a party seeking relief from a judgment to demonstrate that the judgment was not a product of the party's negligence. *See id.* (citing *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) (per curiam)). Accordingly, though the Texas Supreme Court denied the defendant relief based on its failure to maintain its address, the court did not hold that the defendant's negligence *corrected* the service defect. The holding in *Cullever*, then, does not reach so far as to render service of Altaire proper.[4]

In the absence of Texas law stating otherwise, the Court holds that Garza's use of Altaire's outdated address—resulting in an "Unable to Forward" notation on the certificate of service—renders service defective. *See GMR Gymnastics Sales, Inc.*, 117 S.W.3d at 59 (citation omitted). Accordingly, the Court **GRANTS** Altaire's motion and **SETS ASIDE** the Clerk's entry of default. *See Titan Glob. Holdings, Inc.*, 2008 WL 11435706, at *4.

---

[4] Some Texas district courts have relied upon *Cullever* in granting default judgment despite service at an incorrect address. *See, e.g.*, *Ziegler v. Subalipack (M) SDN BHD*, 2018 WL 3241230, at *1 (S.D. Tex. July 3, 2018) ("Because [the plaintiff] provided the Texas Secretary of State with the address [the defendant] has on file with the New York Secretary of State, service was proper." (citing *Cullever*, 144 S.W.3d at 466)); *Advanced Stimulation Techs., Inc. v. Putnam Energy, LLC*, 2016 WL 8229782, at *2 (W.D. Tex. May 11, 2016) ("[The defendant's] refusal to accept service at the address of record does not render the service attempted by the Secretary of State invalid and therefore default judgment is proper . . . ."). But as already explained, the *Cullever* court did not address whether the defendant's negligence cured defective service—instead, it found that the defendant, because of its negligence, was not entitled to relief from a default judgment under Texas law. *See* 144 S.W.3d at 466 (citations omitted). Thus, these district-court opinions do not sway the Court's decision here.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Altaire's motion (Doc. 12) and **SETS ASIDE** the Clerk's entry of default (Doc. 4). Further, because Altaire is no longer in default, the Court **DENIES** Garza's motion for default judgment (Doc. 5) and **ORDERS** Garza to properly serve Altaire within twenty-one days of the date of this Order.

**SO ORDERED.**

**DATED: September 14, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE